IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
SOUTHERN DIVISION

| | |
|---|---|
| OSCAR CUNI, ) | |
| ) | |
| Petitioner, ) | |
| v. ) | Civil Action |
| ) | No. 07-3177-CV-S-RED-H |
| JOSEPH E. GUNJA, Warden, United States ) | |
| Medical Center for Federal Prisoners, ) | |
| ) | |
| Respondent. ) | |

**REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE**

Petitioner, an inmate confined in the United States Medical Center for Federal Prisoners, petitions this Court for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 in which he challenges his sentence. The petition has been referred to the undersigned for preliminary review under 28 U.S.C. § 636 (b). Because this Court lacks jurisdiction of petitioner's claims, it will be recommended that he be denied leave to proceed in forma pauperis.

As grounds for relief in habeas corpus, petitioner contends that he should be allowed to pursue a claim for relief from his sentence under § 2241 because relief under 28 U.S.C. § 2255 is inadequate. He acknowledges, however, that he has previously raised the issue presented herein, most recently in 2006 in Cuni v. McFadden, 06-3156-CV-S-ODS-H. Petitioner cites extensively from that decision, and notes that the petition was dismissed by the United States District Court, and his appeal before the Eighth Circuit Court of Appeals was likewise dismissed. Petitioner continues to assert that his is a rare case where he should be allowed to seek relief pursuant to § 2241 because ineffective assistance of counsel and his health precluded him from meeting the statutory deadlines. Petitioner also continues to state that the § 2255 remedy is inadequate to test the legality of his

detention because he never had an unobstructed opportunity to present his claims to the sentencing court. He contends that his petition was found to be time-barred, through no fault on his part.

The law is clear that a petitioner who seeks to attack the validity of a federal sentence must do so in the sentencing court pursuant to 28 U.S.C. § 2255, unless it appears that the motion is inadequate or ineffective to test the validity of the detention. E.g., Winston v. Mustain, 562 F.2d 565, 566 (8th Cir. 1977). As previously stated by this Court, the fact that petitioner may be barred from filing a § 2255 motion for procedural reasons does not render the remedy inadequate, Abdullah v. Hedrick, 392 F.3d 957, 959 (8th Cir. 2004), nor does the fact that a specific claim was previously raised pursuant to § 2255 and denied. A petitioner has the burden, moreover, of showing that the "inadequate or ineffective" test has been met. Von Ludwitz v. Ralston, 716 F.2d 528, 529 (8th Cir. 1983) (per curiam). In this case, despite his effort to set forth reasons to establish that his case is extraordinary, it is clear that petitioner has failed to meet his burden of showing that the § 2255 remedy is inadequate or ineffective.

Although petitioner attempts to construe his claim as one for relief under 28 U.S.C. § 2241, a careful reading of his petition indicates that he is, in fact, challenging his sentence. Regardless of petitioner's assertions in this case, the action is improperly filed under the provisions of § 2241. The issues he raises are cognizable, if at all, in the sentencing court, and it is clear that this Court lacks jurisdiction of petitioner's claims. Accordingly, it must be recommended that the petition be dismissed without prejudice.

For the foregoing reasons, it is, pursuant to the governing law and in accordance with Local Rule 72.1 of the United States District Court for the Western District of Missouri,

RECOMMENDED that petitioner be denied leave to proceed in forma pauperis and that the

petition herein for writ of habeas corpus be dismissed without prejudice.

/s/ James C. England
JAMES C. ENGLAND, CHIEF
United States Magistrate

Date: 6/19/07